DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

KENNOX "LEE" PLANTE,

                Plaintiff,                      2005-CV-0126

    v.

ORGILL INCORPORATED,

                Defendant/Third-Party Plaintiff

    v.

YUN FU ENTERPRISES CO.

                Third-Party Defendant.

TO:   Lee J. Rohn, Esq.
       Simone R.D. Francis, Esq.

### ORDER GRANTING DEFENDANT'S MOTION TO CONDUCT MENTAL EXAMINATION OF KENNOX PLANTE

THIS MATTER came before the Court upon Defendant Orgill Incorporated's Motion to Conduct Mental Examination of Kennox Plante (Docket No. 100). Plaintiff filed a response to said motion, and Defendant filed a reply thereto.

In his response, Plaintiff claims that the "Defendant has failed to comply with Rule 35." Response at 1. Then Plaintiff states, "Rule 35 provides that any request for an examination must 'SPECIFY the time, place, manner, **conditions** and **scope of**

*Plante v. Orgill Inc.*
2005-CV-0126
Order Granting Defendant's Motion to Conduct Mental Examination of Kennox Plante
Page 2

**examination**... [sic]'[.]" Motion at 1 (emphasis in original).  Thus, Plaintiff's sole objection to Defendant's motion is based upon Plaintiff's apparent misunderstanding of Rule 35.  The rule doe not require the motion or request to so specify, but the order granting such motion or request.  The text of the rule reads, in relevant part:

(a) Order for an Examination.

(1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.  The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2) Motion and Notice; Contents of the Order. The order:

(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

The Court finds that Defendant's motion is not deficient.  Having reviewed the submissions of the parties and upon due consideration thereof, the Court further finds that Defendant has established good cause and, consequently, that Defendant's motion should be granted.

*Plante v. Orgill Inc.*
2005-CV-0126
Order Granting Defendant's Motion to Conduct Mental Examination of Kennox Plante
Page 3

Accordingly, it is hereby **ORDERED**:

1.    Defendant's Motion to Conduct Mental Examination of Kennox Plante (Docket No. 100) is **GRANTED**.

2.    Plaintiff shall submit to a mental examination conducted by Dr. Ann Barnard on a date, time, and at a location that is acceptable to all parties.

3.    Dr. Barnard's examination shall consist of a clinical interview, the taking of a detailed history, and the conducting of psychological tests as may be warranted and consistent with the scope of Dr. Copemann's examination, including, but not limited to, the MMPI-2.

ENTER:

Dated: August 7, 2008                    _____/s/_____
                                         GEORGE W. CANNON, JR.
                                         U.S. MAGISTRATE JUDGE